Olayiwola O. Oduyingbo (BBO #691768)
Odu@odulawfirm.com
Ana Barros (BBO #714916)
abarros@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone:    (401) 209-2029
Facsimile:     (401) 217-2299

*Attorneys for Plaintiff*
*Aline Nascimento*

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALINE NASCIMENTO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>R.V. LECI, LLC, *alias,* ROLAND LECI, and EVA TSIANTIKOS,<br><br>　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>1. **Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;**<br>2. **Violation of Title VII of the Civil Rights Act Of 1964 as amended, 42 U.S.C. § 2000e *et seq.*;**<br>3. **Violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.**<br>4. **Violation of the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148 *et seq.*;**<br>5. **Violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. Laws c. 151 § 1A *et seq.*; and**<br>6. **Violation of the Massachusetts Fair Employment Practices Act, Mass. Gen. Laws ch. 151B § 1 *et seq.***<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

**TABLE OF CONTENTS**

Page

SUMMARY OF THE ACTION ...................................................................................................1

PARTIES ........................................................................................................................................1

JURISDICTION ............................................................................................................................4

VENUE ...........................................................................................................................................4

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS ................................................4

    Aline Endured Harassment in The Workplace on Account of Her Identity .........4

    The Defendants Engaged in Retaliation by Threatening to Report Aline to Federal Authorities on Account of Her Immigration Status .....................6

    Defendants Failed to Properly Pay Aline Both the Legal Minimum Wage and Proper Overtime Compensation .................................6

    The Defendants Engaged in Retaliation by Unlawfully Reducing Aline's Wages and Threatening to Report Her to Federal Authorities on Account of Her Immigration Status .....................7

    Defendants Constitute Joint Employers ......................................................8

    Defendants' General Employment Practices ............................................9

    Aline has Exhausted her Administrative Remedies and Brings This Action ........................................................................................................10

CLAIMS FOR RELIEF ...............................................................................................................10

PRAYER FOR RELIEF ..............................................................................................................16

DEMAND FOR JURY TRIAL ...................................................................................................17

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

# COMPLAINT

## SUMMARY OF THE ACTION

1. Plaintiff Aline Nascimento ("Aline") brings this action against **R.V. LECI, LLC**, *alias*, **EVA TSIANTIKOS,** and **ROLAND LECI**, collectively as her employers, (collectively referred to as "Defendants"), to assert her rights and remedy grave and rampant violations committed by Defendants over the course of several months. Aline is seeking compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the **Fair Labor Standards Act**, 29 U.S.C. § 201 *et seq.*; **Title VII of the Civil Rights Act Of 1964**, as amended, 42 U.S.C. § 2000e *et seq.*; the **Civil Rights Act of 1866**, as amended, 42 U.S.C. § 1981; the **Massachusetts Payment of Wages Act**, Mass. Gen. L. c. 149 § 148 *et seq.*; the **Massachusetts Minimum Fair Wages Act**, Mass. G.L. c. 151 § 1A *et seq.*; and the **Massachusetts Fair Employment Practices Act ("FEPA")**, Mass. Gen. Laws ch. 151B § 1 *et seq*. Aline hereby alleges as follows:

## PARTIES

2. Plaintiff, Aline Nascimento, is a resident of Worcester, MA.

3. At all times relevant herein, Aline was employed by Defendants in the Commonwealth of Massachusetts.

4. Defendant R.V. LECI, LLC is a domestic limited liability company organized under the laws of the Commonwealth of Massachusetts. Its principal place of business is located at 41 Boston Road, 455, North Billerica, MA 01862. Its registered agent is Roland Leci located at 130 John Street, Unit # 347, Lowell, MA 01852.

5. Defendants Eva Tsiantikos and Roland Leci supervised, managed, and had authority over Plaintiff's employment and personally participated in the discriminatory conduct or

harassment described herein.[1]

6. Defendants operate a restaurant establishment called "The Pizza Bar" located at 1699 Shawsheen Street Tewksbury, MA 01876, where Aline worked during all relevant times herein.

7. At all times relevant herein, Defendants were Aline's "employer" within the meaning of all relevant statutes.

8. Defendant Roland Leci is believed to be a resident and citizen of Massachusetts. Defendant Roland Leci is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Roland Leci possesses operational control over Defendant Corporation, an ownership interest in Defendant corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

9. Defendant Eva Tsiantikos is believed to be a resident and citizen of Massachusetts. Defendant Eva Tsiantikos is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Eva Tsiantikos possesses operational control over Defendant Corporation, an ownership interest in Defendant corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

10. Upon information and belief, individual Defendants Eva Tsiantikos and Roland Leci, serve or served as owners, managers, principals, or agents of Defendant Corporation and,

---

[1] The Massachusetts FEPA imposes liability on both employers and individuals who engage in prohibited discriminatory practices. Specifically, under Chapter 151B, Section 4(4A), it is unlawful for "any person" to "coerce, intimidate, threaten, or interfere" with an individual's rights under the statute. Supervisors can also be liable under Section 4(5) for "aiding, abetting, inciting, compelling, or coercing" discriminatory actions.

through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

11. At all times relevant, Defendants were Aline Nascimento's "employers" within the meaning of all relevant statutes.

12. Indeed, each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

13. At all times relevant to this complaint, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff appropriately.

14. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff's actual duties in payroll records.

15. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff to work without providing the proper overtime compensation required by federal law and regulation.

16. Defendants constitute an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r)-(s).

17. Defendants, both separately and jointly, are believed to have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

18. At all relevant times, Defendants and/or their enterprise were engaged in commerce or in an industry or activity affecting interstate commerce. For instance, numerous items used daily in the restaurant were goods produced outside the State of Massachusetts and transported across state lines specifically for Defendants to use in their business operations.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## JURISDICTION

19. The United States District Court for the District of Massachusetts has federal subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because Aline asserts claims arising under federal law. Specifically, this action arises pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq;* Title VII of the Civil Rights Act Of 1964, 42 U.S.C. § 2000e *et seq.*; and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

20. The United States District Court for the District of Massachusetts has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each of which arise out of a common nucleus of operative fact as the claims over which the Court has original jurisdiction.

21. The United States District Court for the District of Massachusetts has personal jurisdiction over Defendants because they were domiciled within this District and have sufficient minimum contacts in Massachusetts to render the exercise of jurisdiction by this Court both proper and necessary.

## VENUE

22. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant's domicile is in Massachusetts. Therefore, Defendants are deemed to reside in this District.

23. Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

**Aline Endured Harassment in The Workplace on Account of Her Identity**

24. Aline is a Latina female and immigrant from Brazil.

25. During Aline's time with The Pizza Bar, she was subjected to cruel and horrifying working conditions on account of her race and national origin.

26. Defendants are European immigrants who have demonstrated extreme bias against Brazilian workers.

27. Defendants intentionally seek to employ Brazilian workers to exploit their labor.

28. Aline typically worked long shifts, in excess of thirteen hours per day, six days per week.

29. During her time with Defendants, Aline was rarely afforded the ability to take legally required breaks during her thirteen-hour shifts. Indeed, many times, she was forced to eat as fast as she could to continue working, causing her nausea.

30. Employees at The Pizza Bar were also discouraged from speaking to each other and Defendants threatened that they would lose their lunch breaks if they were caught doing so.

31. Additionally, even though Aline worked in a restaurant setting, The Pizza Bar told its employees that they were **only** entitled to drink sink water and nothing else during their shifts.

32. The conditions at The Pizza Bar caused Aline significant mental anguish and distress.

33. The Defendants routinely abused their employees both emotionally and verbally. The Defendants would routinely scream and belittle Aline along with its other employees.

34. Indeed, the Defendants had a significant amount of security cameras and remotely monitored their employees, calling employees frequently throughout the night to verbally harass them if they were caught doing anything they "weren't supposed to be."

35. Throughout Aline's employment, the Defendants also frequently made disparaging remarks about employees' immigration statuses, stating that they did not deserve certain rights. These comments were often used as a means to threaten and coerce employees to tolerate the substandard conditions they worked in.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**The Defendants Engaged in Retaliation by Threatening to Report Aline to Federal Authorities on Account of Her Immigration Status**

36. The conditions Aline was forced to endure eventually caused her to put in her two weeks' notice on August 22, 2024, which, to no surprise, caused the situation between herself and the Defendants to significantly worsen.

37. The Defendants told Aline that because she was leaving, her pay would be reduced from the usual $17 per hour. The Defendants made illegal deductions from Aline's paycheck in retaliation for her decision to end her employment with them.

38. Even after Aline left The Pizza Bar, she continued to suffer from extreme emotional distress as a result of the Defendants' retaliatory actions.

39. Specifically, Aline not only retained an attorney to represent herself, but she also informed several former coworkers who were still employed by Defendants about her intent to pursue various employment related legal claims. Aline's attorney sent legal notice of her intent to pursue such claims, which included but was not limited to filing a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and United States Equal Employment Opportunity Commission ("EEOC"). After being notified of these intentions, the Defendants further retaliated against Aline.

40. Indeed, the Defendants' retaliatory behavior included actively seeking out Aline's residential address and making several threats to report her to immigration officials in the hope that it would deter or hinder her from enforcing her legal rights against them. Defendants have additionally withheld Aline's pay and failed to pay her last paycheck, which she was lawfully entitled to.

**Defendants Failed to Properly Pay Aline Both the Legal Minimum Wage and Proper Overtime Compensation**

41. Aline was hired by the Pizza Bar on or around June 30, 2024.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

42. Aline's employment at the Pizza Bar lasted for roughly 3 months, during which she routinely worked up to thirteen hours a day from Tuesday to Sunday.

43. On average, Aline worked an average of seventy-two hours a week at the Pizza Bar.

44. Despite working a significant amount of overtime, Aline earned approximately $17 an hour for all the hours worked. However, for hours worked in excess of forty hours per week, Defendants failed to pay Aline the required overtime premium of time-and-a-half, instead paying her only the regular rate of $17 per hour.

45. Thus, Aline was not properly compensated and underpaid for each overtime hour worked.

46. Aline was also not paid at the proper minimum wage for all hours worked the last week of her employment with Defendants.

**The Defendants Engaged in Retaliation by Unlawfully Reducing Aline's Wages and Threatening to Report Her to Federal Authorities on Account of Her Immigration Status**

47. The conditions Aline was forced to endure eventually caused her to put in her two weeks' notice on August 22, 2024, which, to no surprise, caused the situation between her and the Defendants to significantly worsen.

48. Defendants told Aline that because she was leaving, her pay would be reduced from the usual $17 per hour. The Defendants made illegal deductions from her paycheck in retaliation for her decision to end her employment with them.

49. Indeed, the next check issued to Aline on August 28, 2024, was significantly lower than usual.

50. Even after Aline left the Pizza Bar, Aline continues to suffer from extreme emotional distress as a result of the Defendant's retaliatory actions.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

51. Specifically, Aline retained an attorney to represent her in her employment matters and also informed several former coworkers who were still employed by The Pizza Bar about her intent to pursue various employment related legal claims.

52. Aline's counsel of record additionally sent legal notice of her intent to pursue such claims, which included but was not limited to filing a charge of discrimination with the MCAD and EEOC.

53. Upon information and belief, after being notified of Aline's intentions, the Defendants not only retaliated against Aline by withholding her pay, but engaged in activity including but not limited to actively seeking out her residential address and making several threats to report her to immigration officials in the hope that it would deter or hinder Aline from enforcing her legal rights against them.

**Defendants Constitute Joint Employers**

54. Defendants jointly operate a restaurant located in Tewksbury, Massachusetts.

55. Individual Defendants, Eva Tsiantikos and Roland Leci, possess operation control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

56. Defendants are associated and are joint employers, act in the interest of each other with respect to employees, like Plaintiff, paid employees by the same method, and shared control over employees.

57. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

58. Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of the FLSA, Massachusetts Payment of Wages Act, and Massachusetts Minimum Fair Wages Act.

59. In the alternative, Defendants constitute a single employer of Plaintiff.

60. Upon information and belief, Individual Defendants, Eva Tsiantikos and Roland Leci, operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

**Defendants' General Employment Practices**

61. At all times to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff to work without paying her appropriate minimum wage or overtime premium as required by federal and state laws.

62. Plaintiff was victim to Defendants' common policy and practices which violate their rights under the FLSA and Massachusetts labor laws by not paying them the wages they are owed for the hours worked.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

63. Defendants' time-keeping system did not reflect the actual hours that Plaintiff worked.

64. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours that Plaintiff worked, and to avoid paying Plaintiff properly for her full hours worked.

65. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and state laws.

66. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

**Aline has Exhausted her Administrative Remedies and Brings This Action**

67. Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, Aline submitted her statutory claims with the Office of the Attorney General and received the right to sue letter.

68. On or about January 27, 2025, Aline also filed a Charge of Discrimination with MCAD and the EEOC.

69. Thereafter, in accordance with 804 CMR 1.04(12), Aline filed to withdraw her Complaint with MCAD and the EEOC and instead assert her rights and remedy Defendants' violations in court. On May 21, 2025, MCAD issued Aline a Dismissal. Aline has therefore timely and properly exhausted administrative remedies and satisfied all pre-conditions of filing this action.

**CLAIMS FOR RELIEF**

70. Aline realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**First Claim for Relief**

*Failure to Pay Minimum Wage – Fair Labor Standards Act,*

*29 U.S.C. § 206*

71.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct. As a result of not paying Plaintiff any wages whatsoever for the last final workweeks of their employment, Defendants willfully failed or refused to pay Plaintiff at least at the FLSA-mandated minimum wage by failing to properly compensate Plaintiff for their last pay period. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a). Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**Second Claim for Relief**

*Section 1981 of the Civil Rights Act of 1866*

*42 U.S.C. § 1981*

72.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful discrimination based on race in violation of 42 U.S.C. § 1981, thereby depriving Aline of rights secured by 42 U.S.C. § 1981 and causing Aline to suffer damages as aforesaid.

**Third Claim for Relief**

*Failure to Pay Overtime – Fair Labor Standards Act,*

*29 U.S.C. § 207.*

73.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiff at the overtime premium for the hours worked in excess of forty per week in violation of the FLSA, 29 U.S.C.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

§ 207. Instead, Defendant paid Plaintiff at the straight hourly rate instead at the correct overtime premium. Under the FLSA, an employer found guilty of violating the statutory provisions therein, like section 207, is liable for liquidated damages, which is an additional amount equal to the owed amount. *See* 29 U.S.C. § 216(b). Defendants willfully and deliberately deprived Plaintiff of their rights secured by the FLSA, causing Plaintiff to suffer damages as aforesaid.

### **Fourth Claim for Relief**

*Race/color/national origin Discrimination – Violation of Title VII of The Civil Rights Act Of 1964, 42 U.S.C. § 2000e et seq.*

74. Defendant the Pizza Bar, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment discrimination based on Aline's race/color/national origin. Aline was qualified to perform the essential job functions, yet Defendant subjected her to appalling treatment because she is Brazilian and Latina. This was done in violation of Title VII, thereby causing Aline to suffer damages as aforesaid.

### **Fifth Claim for Relief**

*Retaliation – Violation of Title VII of The Civil Rights Act of 1964 42 U.S.C. § 2000e et seq.*

75. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment retaliation based on Aline's engagement in a protected activity. Aline not only advised coworkers about her intentions to seek legal remedy, but her legal representatives sent Defendants correspondence of such intentions to file a charge of discrimination with the MCAD and EEOC. Aline immediately suffered materially adverse actions. Specifically, the Defendants engaged in further retaliation against Aline by threatening to report her to federal authorities on account of her immigration status and by

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

withholding her pay. As a result, Aline was subjected to threats by Defendants and in violation of Title VII, thereby causing Aline to suffer damages as aforesaid.

### Sixth Claim for Relief

*Retaliation – Fair Labor Standards Act,*

*29 U.S.C. § 215(a)(3)*

76.     Defendants, by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by threatening and intimidating at least one former employee because of their choice to report and seek legal remedy for several substantial violations. Section 215(a)(3) of the FLSA prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3). Specifically, the Defendants attempted what they perceived to be a vulnerability (namely, the Plaintiff's immigration status), as leverage to dissuade her from asserting her legal rights. As a result of Defendants' retaliatory conduct, a reasonable employee may well be dissuaded from engaging in activities protected under the Act, such as asserting their right to receive proper compensation or cooperating with an investigation or litigation concerning violations of the FLSA. Defendants willfully and deliberately deprived Plaintiff of their rights secured by the FLSA, causing Plaintiff to suffer damages as aforesaid.

### Seventh Claim for Relief

*Non-Payment of Wages– Massachusetts Payment of Wages Act,*

*Mass. Gen. L. c. 149 § 148 et seq.*

77.     Defendants, by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiff their

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

earned wages in violation of the Massachusetts Payment of Wages Act, Mass. G. L. c. 149 § 148. Under this Act, employees who are terminated must be paid in full on the day of discharge. At the very latest, wages must be paid within six days after the end of the pay period in which the wages were earned. *Id.* The Act further prohibits an employer from withholding earned wages based on their own unilateral decision to apply a wage set-off. Mass. G. L. c. 149 § 150. Per the Wage Act, an employer is liable for triple damages on late-paid wages and the Act imposes strict liability on employers for late payment or nonpayment of wages. *Id.*

### Eighth Claim for Relief

*Failure to Pay Minimum Wages – Massachusetts Minimum Fair Wages Act,*

*Mass. Gen. L. c. 151, §§ 1&7*

78.     Defendants, by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiff for all hours worked at an hourly rate at least equal to the applicable Massachusetts minimum wage then in effect also in violation of Mass. Gen. Laws ch. 151 §§ 1 & 7.

### Ninth Claim for Relief

*Retaliation Under Massachusetts Minimum Fair Wages Act,*

*Mass. G.L. c. 151 § 1A et seq.*

79.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by discriminating, retaliating, and otherwise threatening or intimidating against Aline for exercising her rights granted or protected by Mass. Gen. Laws ch. 151 including but not limited to, lowering her hourly rate of pay and threatening to call the federal authorities on her due to her immigration status after she was compelled to terminate her employment with Defendants.

80.     Defendants thereby deprived Aline of rights secured under this Act, causing her to suffer damages as aforesaid.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Tenth Claim for Relief**

*Race/color/ national origin Discrimination – Violation of the Massachusetts Fair Employment Practices Act, Mass. Gen. Laws c. 151B § 1 et seq.*

81. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment discrimination and subjected her to a hostile work environment based on Aline's race/color/national origin. Aline was subject to persistent unwelcome harassment while employed by the Defendants. She was consistently ridiculed, shouted at, and intimidated in addition to being constantly monitored. This was done in violation of FEPA, thereby causing Aline to suffer damages as aforesaid.

**Eleventh Claim for Relief**

*Retaliation – Violation of the Massachusetts Fair Employment Practices Act*

*Mass. Gen. Laws c. 151B § 1 et seq.*

82. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment retaliation based on Aline's engagement in a protected activity. Aline not only advised coworkers about her intentions to seek legal remedy, but her legal representatives sent Defendants correspondence of such intentions to file a charge of discrimination with the MCAD and EEOC. Aline immediately suffered materially adverse actions. Specifically, the Defendants engaged in further retaliation against Aline by threatening to report her to federal authorities on account of her immigration status and withholding of her pay. As a result, Aline was subjected to threats by Defendants in violation of FEPA, thereby causing Aline to suffer damages as aforesaid.

**Twelfth Claim for Relief**

*Failure to Pay Overtime – Massachusetts Minimum Fair Wages Act,*

*Mass. Gen. L. c. 151, §1A*

83. Defendants, by their individual and/or concerted acts and/or omissions, including,

but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiff at the overtime premium for the hours worked in excess of forty per week in violation of Mass. Gen. Laws c. 151 § 1A. Instead, Defendants paid Plaintiff at the straight hourly rate instead of the correct overtime premium required under Massachusetts law. Under Mass. Gen. Laws c. 151 § 1A, employees must be paid at a rate of not less than one and one-half times their regular rate for all hours worked in excess of forty hours in any workweek. Defendants willfully and deliberately deprived Plaintiff of her rights secured by Massachusetts law, causing Plaintiff to suffer damages as aforesaid.

### PRAYER FOR RELIEF

WHEREFORE, Aline prays and respectfully requests that this Court grant the following relief:

A. A declaratory judgment declaring that the acts and/or omissions of Defendants, including, but not limited to those complained of herein, are in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; Title VII of the Civil Rights Act Of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981; the Massachusetts Payment of Wages Act, Mass. Gen. L. c. 149 § 148 *et seq.*; the Massachusetts Minimum Fair Wages Act, Mass. G.L. c. 151 § 1A *et seq.*; and the Massachusetts Fair Employment Practices Act ("FEPA"), Mass. Gen. Laws ch. 151B § 1 *et seq*.

B. Unpaid minimum wages, overtime premium, liquidated damages, and/or treble damages under 29 U.S.C. § 216 and Mass. Gen. Laws c. 151.

C. An injunction directing Defendants to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated.

D. An injunction or other equitable relief, including, but not limited to, an award of back

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

pay, front pay or reinstatement, and other compensation and/or benefits, and to make Aline whole for all earnings and benefits Aline would have received but for the violations.

E. An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which Aline is entitled.

F. An award of prejudgment interest, reasonable attorneys' fees, and costs; and

G. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: July 29, 2025

ODU LAW FIRM, LLC

By:  /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
BBO #691768
**Ana Barros, Esq.** BBO # 714916
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com
**ATTORNEYS FOR PLAINTIFF,
ALINE NASCIMENTO**